**CORRECTED**

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-50744
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                   Plaintiff-Appellee,

                    versus

JUAN MURILLO-URBINA,

                                   Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Texas
(EP-97-CR-246-ALL)
_____
March 17, 1998

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Juan Murillo-Urbina appeals from his guilty plea conviction

for illegally reentering the United States after deportation in

violation of 8 U.S.C. § 1326.  He argues for the first time on

_____

[*]    Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal that the district court erred in sentencing him above the two-year statutory term of imprisonment for "simple" illegal reentry as provided for in 8 U.S.C. § 1326(a) because § 1326(b) is a separate offense and, thus, his prior felony conviction is an element that must be alleged in the indictment.

A prior felony conviction is not an element of the offense which had to be alleged in the indictment. *United States v. Vasquez-Olvera*, 999 F.2d 943, 944-47 (5th Cir. 1993). One panel may not overrule the decision of another panel of this circuit. *United States v. Taylor*, 933 F.2d 307, 313 (5th Cir. 1991). Nor does the grant of certiorari in *United States v. Almendarez-Torres*, 113 F.3d 515 (5th Cir. 1996), *cert. granted*, 117 S. Ct. 1333 (1997), vacate our prior precedent. *See Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986). Urbina has failed to establish error, much less plain error, for his newly lodged argument. Accordingly, the judgment of the district court is AFFIRMED. Urbina's motion to stay the appeal pending the Supreme Court's decision in *Almendarez-Torres*, is DENIED.

AFFIRMED. MOTION DENIED.